UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

MUHAMMAD ABDUL-RAHMAN,

               Plaintiff,

-against-                                               MEMORANDUM
                                                             AND ORDER
BROOKLYN HOSPITAL CENTER; MR. WONG,         10-CV-1697 (CBA)(RLM)
Director of Engineering; MR. ALBERTSON, CEO;
MR. STEVEN COLEMAN, Assistant Director of
Security; CAPTAIN CASTRO, Security Captain,
Brooklyn Hospital Center,

               Defendants.
_____X

AMON, United States District Judge:

Plaintiff, a security officer at Brooklyn Hospital Center ("BHC"), brings this *pro se* action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. 2000e alleging that defendants have reduced his work hours and adversely affected his medical care coverage after a March 18, 2009 attack upon plaintiff by a patient at BHC. Plaintiff seeks damages of five million dollars. Complaint at ¶ 9. Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order, but the complaint is dismissed without prejudice for the reasons set forth below.

**Standard of Review**

In reviewing plaintiff's complaint, the Court is mindful that the submissions of a *pro se* litigant must be construed liberally and interpreted "to raise the strongest arguments that they suggest." Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is

satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

**Background**

Plaintiff alleges that he is employed as a security officer at BHC. Complaint at ¶ 8. On May 18, 2009, he was assigned to "watch a patient who had been giving the medical staff trouble and would not stay in his room." Id. Despite assurances that the patient was secure, the patient "threw some chemicals in the eyes of the plaintiff and tried to hit the plaintiff with a telephone that had broken off in the room." Id. Plaintiff does not state the timing, but avers that his hours have been cut by thirty hours so that now he only works ten hours per week, that his medical benefits have been "cut" and he must pay all medical expenses, including those arising from the May 18, 2009 incident, out of pocket. In addition to damages, he seeks "a permanent injunction against the defendants from performing the acts of removing the plaintiff from medical coverage and reducing the plaintiff's work time due to his being the Senior Security Officer for the WIC program." Id. at ¶ 9.

**Discussion**

Plaintiff states that this action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. 2000e. Complaint at ¶ 7. For the reasons set forth below, plaintiff has not stated a claim on which relief may be granted under either statute.

**A. 42 U.S.C. § 1983**

In order to maintain a §1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state

law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.

BHC and its employees do not act under color of state law within the meaning of 42 U.S.C. § 1983. BHC is a private entity and its employees are private parties, not state actors. Private conduct, no matter how discriminatory or wrongful, is generally beyond the reach of § 1983. Brentwood Academy v. Tennessee, 531 U.S. 288, 304-05 (2001); American Mfrs. Mut. Ins. Co. V. Sullivan, 526 U.S. 40, 49 (1999); Rendell-Baker v. Kohn, 457 U.S. 830, 838-42 (1982); Flagg Bros. Inc. v. Brooks, 436 U.S. 149, 155-57 (1978); Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 173 (1972); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970). Although a private employer may, under certain circumstances, be deemed a state actor, see Rendell-Baker, 457 U.S. at 842, plaintiff's complaint provides no basis to believe that any such circumstances could apply to his complaint. Therefore, plaintiff fails to state a claim under § 1983 against Brooklyn Hospital Center or its agents. As leave to amend plaintiff's § 1983 claim would be futile, Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993), plaintiff's § 1983 claim is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**B. Title VII**

To the extent plaintiff seeks to file a claim for employment discrimination under 42 U.S.C. § 2000e, Title VII, he must first exhaust his administrative remedies. Title VII provides that "every person, whether a citizen or not, has a right to be free from discrimination in employment on the basis of race, color, gender, national origin, or religion." 42 U.S.C. § 2000e-

3(a). As a precondition to filing a Title VII claim in federal court, a plaintiff must first pursue available administrative remedies and file a timely complaint with the Equal Employment Opportunity Commission (the "EEOC"). Deravin v. Kerik, 335 F.3d 195, 200 (2d Cir. 2003); Francis v. City of New York, 235 F.3d 763, 768 (2d Cir.2000); Legnani v. Alitalia Linee Aeree Italiane, S.P.A., 274 F.3d 683, 686 (2d Cir. 2001) (per curiam). Since plaintiff does not allege that he filed a charge of discrimination with the EEOC, he cannot pursue a claim under Title VII in federal court.

**Conclusion**

Plaintiff's complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii). With regard to his Title VII claim, should plaintiff exhaust his administrative remedies he may file a new action within ninety days of receipt of the EEOC's Notice of Determination and Right to Sue letter. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/
CAROL BAGLEY AMON
United States District Judge

Dated: Brooklyn, New York
April 30, 2010